FILED
CHARLOTTE, NC
DEC 11 2017
US District Court
Western District of NC

# UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | DOCKET NO. 3:17 cr 341 |
| ) | |
| ) | **BILL OF INFORMATION** |
| v. ) | Violations: 18 U.S.C. § 401 |
| ) | |
| ) | |
| TONYA LASHUN HALL ) | |

THE UNITED STATES ATTORNEY CHARGES:

At all relevant times to this Information:

1. On or about August 25, 2016, the Honorable Frank D. Whitney, United States District Court Judge, presided over a show-cause hearing in a civil case in the Western District of North Carolina, *Stukes v. Antney*, case number 3:15-cv-176. The Court had previously entered default judgment against the defendant, Debra Antney, and ordered her to pay in excess of $700,000 to the plaintiff, Antonio Stukes. The purpose of the show-cause hearing was to determine whether the defendant had the ability to satisfy the judgment or could otherwise explain her failure to pay.

2. During the August 25 hearing, Defendant Tonya Lashun Hall testified, under oath, that Antney had retained her in June 2016 to "help [Antney] get everything in order" with respect to her financials. Defendant stated that she helped Antney gather documents in connection with the civil case and discussed her review of several of Antney's business entities. Defendant opined that, based on her review, Antney had "no money" and "nothing" of value to satisfy the judgment. In support of her opinion, Defendant testified she was a "CPA" and identified her business as TLH Accounting and Consulting. In response to questions posed by the Court about her credentials, Defendant reaffirmed that she was a CPA. At the conclusion of the hearing, the Court held Antney in civil contempt but provided her an opportunity to produce documents reflecting her financial position, including financial statements and tax returns. The Court ordered Antney to produce the documents by August 30, 2016, at which point the Court would resume the show-cause hearing.

3. When the hearing resumed on August 30, 2016, Defendant testified, under oath, about her involvement in helping Antney gather and prepare documents in response to the Court's order. During Defendant's testimony, the Court questioned Defendant again about her qualifications. Defendant testified that she graduated from Emory University with a degree in business accounting and finance. Defendant also twice reaffirmed that she was a licensed CPA and claimed she had been licensed in Georgia since 2005. In response to questions posed by the Court, Defendant admitted she had a felony fraud conviction in Georgia. Defendant claimed that her CPA license "never got shut down" as a result of the conviction. Defendant stated that she never informed the CPA licensing authority of her conviction and that she was never told she

1

could no longer operate as a CPA. Defendant represented that she had not paid dues for her CPA license since 2013. According to Defendant, she did not pay because she never received a bill and was unaware whether failure to pay would put her license "in default." At the end of the exchange, the Court took a brief recess, at which point Defendant left the courthouse and did not return.

4. During the hearings on August 25 and 30, 2016, Defendant repeatedly misrepresented her qualifications. In particular, Defendant did not graduate from Emory University and is not a licensed CPA. Defendant's false testimony constitutes an act that had the potential to thwart the judicial process by misleading the Court or, at minimum, requiring the Court to engage in unnecessary investigation and misdirect its resources. Defendant testified in a pair of hearings in which the Court sought to determine whether a civil defendant had the ability to satisfy a judgment entered against her or was concealing assets. To that end, Defendant described her role in assisting the defendant and opined that the defendant did not have the financial resources to satisfy the outstanding judgment. Given the purpose of Defendant's testimony in the hearings, Defendant's intentional false claims about her credentials represent misbehavior in the presence of the Court, which had the potential to obstruct the administration of justice, and was committed with the requisite criminal intent.

## COUNT ONE
### (*Criminal Contempt of Court – 18 U.S.C. § 401*)

Paragraphs 1 through 4 of this Information are re-alleged and incorporated herein by reference as through fully set forth herein.

5. On or about August 25, 2016, and on or about August 30, 2016, in Mecklenburg County, within the Western District North Carolina, the defendant,

**TONYA LASHUN HALL**

intentionally engaged in misbehavior in the presence of a Court of the United States so as to obstruct the administration of justice, such misbehavior constituting contempt of the Court's authority, in violation of Title 18, United States Code, Section 401.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

*/s/ William M. Miller*
WILLIAM M. MILLER
ASSISTANT UNITED STATES ATTORNEY

2