UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | DOCKET NO. 3:17-mc-47-FDW |
| v. ) | |
| ) | **FACTUAL BASIS** |
| TONYA LASHUN HALL ) | |
| ) | |

NOW COMES the United States of America, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the defendant's guilty plea entered in this matter.

This Factual Basis does not attempt to set forth all of the facts known to the United States at this time. This Factual Basis is not a statement of the defendant, and, at this time, the defendant may not have provided information to the United States about the offenses to which the defendant is pleading guilty or the defendant's relevant conduct, if any.

By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea that the defendant will tender. The parties also agree that this Factual Basis may, but need not, be used by the Court in determining the appropriate sentence under 18 U.S.C. § 3553(a). The defendant agrees not to object to any fact set forth below being used by the Court to determine the appropriate sentence unless the defendant's right to object to such particular fact is explicitly reserved below. The parties' agreement does not preclude either party from hereafter presenting the Court with additional facts that do not contradict facts to which the parties have agreed not to object and which are relevant to § 3553 factors or the Court's overall sentencing decision.

1. On August 25, 2016, this Court presided over a show-cause hearing in a civil case, *Stukes v. Antney*, 3:15-cv-176. The Court had previously entered default judgment against the defendant, Debra Antney, and ordered her to pay in excess of $700,000 to the plaintiff, Antonio Stukes. (Order, 3:15-cr-176, Doc. 39). The purpose of the show-cause hearing was to determine whether the defendant had the ability to satisfy the judgment or could otherwise explain her failure to pay. (Order, 3:15-cv-176, Doc. 62).

2. During the August 25 hearing, Tonya Lashun Hall testified, under oath, that Antney had retained her in June 2016 to "help [Antney] get everything in order" with respect to her financials. Hall stated that she helped Antney gather documents in connection with the civil case and discussed her review of several of Antney's business entities. Hall opined that, based on her review, Antney had "no money" and "nothing" of value to satisfy the judgment. In support of her opinion, Hall testified she was a "CPA" and identified her business as TLH Accounting and Consulting. In response to questions posed by this Court about her credentials, Hall reaffirmed that she was a CPA. At the conclusion of the hearing, this Court held Antney in civil contempt but provided her an opportunity to produce documents reflecting her financial

1

position, including financial statements and tax returns. This Court ordered Antney to produce the documents by August 30, 2016, at which point this Court would resume the show-cause hearing.

3. When the hearing resumed on August 30, 2016, Hall testified, under oath, about her involvement in helping Antney gather and prepare documents in response to this Court's order. During Hall's testimony, this Court questioned Hall again about her qualifications. Hall testified that she graduated from Emory University with a degree in business accounting and finance. Hall also twice reaffirmed that she was a licensed CPA and claimed she had been licensed in Georgia since 2005. In response to questions posed by this Court, Hall admitted she had a felony fraud conviction in Georgia. Hall claimed that her CPA license "never got shut down" as a result of the conviction. Hall stated that she never informed the CPA licensing authority of her conviction and that she was never told she could no longer operate as a CPA. Hall represented that she had not paid dues for her CPA license since 2013. According to Hall, she did not pay because she never received a bill and was unaware whether failure to pay would put her license "in default." At the end of the exchange, this Court took a brief recess, at which point Hall left the courthouse and did not return.

4. During the hearings on August 25 and 30, 2016, Hall repeatedly misrepresented her qualifications. In particular, Hall did not graduate from Emory University and is not a licensed CPA. Hall's false testimony constitutes an act that had the potential to "thwart the judicial process" by misleading this Court or, at minimum, requiring this Court to engage in unnecessary investigation and misdirect its resources. *See United States v. Warlick*, 742 F.2d 113, 116 (4th Cir. 1984). Hall testified in a pair of hearings in which this Court sought to determine whether a civil defendant had the ability to satisfy a judgment entered against her or was concealing assets. To that end, Hall described her role in assisting the defendant and opined that the defendant did not have the financial resources to satisfy the outstanding judgment. Given the purpose of Hall's testimony in the hearings, Hall's intentional false claims about her credentials represent misbehavior in the presence of the Court, which had the potential to obstruct the administration of justice, and was committed with the requisite criminal intent. *See United States v. Peoples*, 698 F.3d 185, 189 (4th Cir. 2012) (reciting the elements of criminal contempt).

R. ANDREW MURRAY
UNITED STATES ATTORNEY

*[signature]*

WILLIAM M. MILLER
ASSISTANT UNITED STATES ATTORNEY

## Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis and the Order to Show Cause in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis and the Order to Show Cause. I hereby certify that the defendant does not dispute this Factual Basis with the exception of those facts to which I have specifically reserved the right to object, and understands that it may be used for the purposes stated above.

_____     DATED: 12/8/17
Mark P. Foster, Jr., Attorney for Defendant

3